**rUNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 00-4090

TONY DARNELL KINTON,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-98-304)

Submitted: June 15, 2000

Decided: June 28, 2000

Before NIEMEYER and MOTZ, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Nils E. Gerber, Winston-Salem, North Carolina, for Appellant. Walter
C. Holton, Jr., United States Attorney, Paul A. Weinman, Assistant
United States Attorney, Winston-Salem, North Carolina, for Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Tony Darnell Kinton pled guilty to bank robbery in violation of 18 U.S.C.A. § 2113(a) (West Supp. 2000), and was sentenced as a career offender to a term of 210 months imprisonment. See U.S. Sentencing Guidelines Manual § 4B1.1 (1998). Kinton appeals his sentence, alleging that the district court clearly erred in finding that he obstructed justice, see USSG § 3C1.1, and in denying him an adjustment for acceptance of responsibility. See USSG § 3E1.1. We affirm.

When he was interviewed by the probation officer before the presentence report was prepared, Kinton said he had no prior charges or convictions under any other name. In fact, as the probation officer soon discovered, he had seven convictions in 1992 and 1993 under the name Tony Lester, including two convictions for assault and one for resisting an officer. At sentencing, Kinton testified that he had simply forgotten that he had used an alias. The district court did not find his testimony credible and consequently accepted the probation officer's recommendation for a two-level adjustment under § 3C1.1. While we do not review the district court's estimation of Kinton's credibility, see United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989), we find that the district court did not clearly err in determining that Kinton attempted to obstruct justice by providing materially false information to a probation officer with respect to a presentence investigation. See USSG § 3C1.1, comment. (n.4(h)) (Section 3C1.1 applies to such conduct). Material information is information that, if believed, would affect the issue under determination. See USSG § 3E1.1, comment. (n.6). If believed, Kinton's false statment would have lowered his criminal history score. Although Kinton was a career offender even without reference to the "Tony Lester" offenses, these offenses were pertinent to the correct calculation of his criminal history, and we find that the information was material.

2

The court also found that Kinton had not fully accepted responsibility for his criminal conduct. We cannot say that the district court clearly erred in so finding. <u>See</u> USSG § 3E1.1, comment. (n.4) (conduct resulting in obstruction of justice adjustment ordinarily indicates lack of acceptance of responsibility).

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3